J-S80007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN SCARY, | : | |
| | : | |
| Appellant | : | No. 3369 EDA 2017 |

Appeal from the Judgment of Sentence September 8, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002812-2016

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                          **Filed March 19, 2019**

Appellant Brian Scary appeals from the judgment of sentence following his revocation of probation.  Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago*** brief.[1]  We affirm and grant counsel's petition to withdraw.

The facts underlying Appellant's convictions are fully detailed in the trial court's opinion and need not be restated here.  On August 16, 2016, Appellant pled guilty to simple assault and tampering with physical evidence.[2]  On October 11, 2016, the trial court sentenced Appellant to one to twenty-three and a half months' incarceration for simple assault concurrent to two years' probation for evidence tampering.

_____

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] 18 Pa.C.S. §§ 2701(a)(3) and 4910(1), respectively.

The trial court summarized the relevant procedural history of this case as follows:

[Appellant] was paroled on November 17, 2016, but a bench warrant was issued for his arrest on May 15, 2017, for absconding from supervision. The bench warrant was rescinded on May 26, 2017 with the stipulation that Appellant would be subject to GPS monitoring and report on a weekly basis to his parole officer, and a hearing was scheduled for June 14, 2017. A **Gagnon**[3] reconsideration hearing was held on June 6, 2017, before the Honorable C. Theodore Fritsch, at which time Judge Fritsch determined that [Appellant] was to be held until his **Gagnon II** parole/probation violation hearing which was scheduled for June 14, 2017. That hearing was rescheduled for August 16, 2017, and again continued until September 8, 2017.

At the **Gagnon II** hearing on September 8, 2017, at which [Appellant] was represented by his private previously retained defense counsel, Louis R. Busico, Esquire, [(Attorney Busico)], [Appellant] entered a Probation/Parole Violation Agreement admitting that he violated the terms and conditions of his parole and probation. After conducting a colloquy and accepting the agreement, [the trial court] revoked [Appellant's] parole and probation and sentenced him to serve his backtime of twenty-two (22) months and two (2) days, with credit for time served from May 26, 2017 to the present. [Appellant] was presumptively paroled as of September 12, 2017, upon his providing a verifiable and acceptable address, and he was also directed, as a condition of his parole, to participate in drug and alcohol and mental health treatment until he was successfully discharged.

On September 11, 2017, [Attorney] Busico sent a letter to [Appellant] summarizing the results of the September 8, 2017 hearing before this [c]ourt and advising him to abide by the conditions of his probation/parole.

On October 6, 2017, [Appellant] filed *pro se* a Notice of Appeal to the "Supreme Court of Pennsylvania" from the sentence issued on September 8, 2017, along with a motion to proceed *in forma pauperis* [(IFP)]. The IFP motion was granted on October 13,

_____

[3] **Gagnon v. Scarpelli**, 411 U.S. 778, 789 (1973).

2017, [Appellant] did not file any post-sentence motions, nor did he request [Attorney] Busico to do so.

[Appellant's] *pro se* appeal created some administrative confusion as to whether he was still represented by counsel. [This Court] observed that there was no indication in the Bucks County Court of Common Pleas' docket that [Appellant's] trial defense counsel, [Attorney] Busico, had been granted leave to withdraw. In addition, Bucks County Senior Deputy Public Defender Lisa Y. Williams, [(Attorney Williams)] notified [this Court] that [Attorney] Busico was still considered [Appellant's] attorney of record. Consequently, [this Court] issued an order on November 29, 2017, directing [Attorney] Busico to inform the Court of the status of [Appellant's] representation and for [Attorney] Williams to remain listed as [Appellant's] counsel. [Attorney] Busico thereafter sent a letter to the clerk of [this Court] on December 6, 2017, explaining that he had only been retained by [Appellant] to represent him up to the ***Gagnon II*** hearing. Despite that correspondence, [this Court] issued an order on December 11, 2017 directing [this Court's] Prothonotary to relist [Attorney] Busico, and not [Attorney] Williams, as [Appellant's] counsel of record, and further directing [Attorney] Busico to file an appropriate motion if he intended to withdraw. [Attorney] Busico subsequently filed a motion to withdraw as counsel of record on January 19, 2018.

Trial Ct. Op., 9/11/18, at 2-5 (some capitalization omitted).

On April 6, 2018, this Court granted Attorney Busico's motion to withdraw and remanded the matter for a determination of whether Appellant was eligible for court-appointed counsel on direct appeal. Order, 4/6/18. Following a hearing, the trial court appointed Attorney Williams to represent Appellant. On July 28, 2018, Attorney Williams requested an extension to file a Pa.R.A.P. 1925(b) statement, pending her receipt and review of the transcripts of testimony. Thereafter, on August 9, 2018, the trial court ordered Appellant to file a Rule 1925(b) statement within ten days, which

Appellant timely filed on August 10, 2018. The trial court filed a Rule 1925(a) opinion and suggested that Appellant's claims were meritless.

On October 26, 2018, Attorney Williams filed an ***Anders***/***Santiago*** brief and a separate petition to withdraw. Attorney Williams also included a certificate of service indicating that she had furnished both the letter advising Appellant of his rights and the ***Anders***/***Santiago*** brief to Appellant. ***See*** Pet. to Withdraw, 10/26/18. Appellant did not file a *pro se* brief or a counseled brief with new, privately retained counsel.

Attorney Williams' ***Anders***/***Santiago*** brief identifies the following issues:

1. Whether Appellant's admission that he was in violation of his probation and his agreement to the sentence recommended by adult probation and parole were knowing, voluntary, and intelligent when his counsel failed to fully explain both the sentence and the agreement in which the Appellant entered[.]

2. Whether Appellant received ineffective assistance of counsel when he entered into a stipulation admitting that he was in violation of his probation and agreeing to the recommended sentence when his counsel failed to fully explain the nature of the agreement to the Appellant[.]

3. Whether Appellant's counsel at his probation violation hearing was ineffective for failing to comply with Appellant's request [that] counsel file a post-sentence motion to either reconsider Appellant's sentence or to vacate Appellant's sentence and grant him a new violation hearing[.]

***Anders***/***Santiago*** Brief at 5 (full capitalization omitted).

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's

request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa.

Super. 2008) (citation omitted).

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some

citations omitted).

If counsel complies with these requirements, then "we will make a full

examination of the proceedings in the lower court and render an independent

judgment [as to] whether the appeal is in fact 'frivolous.'" ***Id.*** at 882 n.7

(citation omitted). Finally, "this Court must conduct an independent review

of the record to discern if there are any additional, non-frivolous issues

overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250

- 5 -

(Pa. Super. 2015) (footnote and citation omitted); *accord **Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Attorney Williams filed a petition to withdraw in which she stated that she "diligently reviewed the record . . . and investigated all grounds of appeal" and that she believes this appeal would be frivolous. Pet. to Withdraw at ¶ 5-6. Attorney Williams also furnished a copy of the ***Anders***/***Santiago*** brief to Appellant, as well as a letter advising Appellant of his right to retain new counsel or proceed *pro se*. Ltr. to Appellant, 10/26/18. Moreover, Attorney Williams' brief provides a summary of the procedural history and the relevant facts with appropriate citations to the record, refers to the issues that she believes could arguably support the appeal, and sets forth her reasons for her conclusion that an appeal is frivolous. ***Anders***/***Santiago*** Brief at 7-11, 13-24. Accordingly, Attorney Williams has complied with the requirements of ***Anders*** and ***Santiago***, and we will review the issues raised in her brief.

Attorney Williams first identifies Appellant's claim that his decision to enter a parole violation agreement was not knowing, intelligent, or voluntary. ***Id.*** at 15. Specifically, Appellant argues that he was unaware that the agreed-upon sentence included a two-year term of probation. ***Id.*** at 16.

"When reviewing the results of a revocation hearing, this Court is limited to determining the validity of those proceedings, and the legality of the judgment of sentence imposed." ***Commonwealth v. Williams***, 801 A.2d 584, 585 (Pa. Super. 2002).

A violation hearing "is not a highly formal procedure in which traditional rules of evidence and strict rules of procedure must be complied with." **_Commonwealth v. Bell_**, 410 A.2d 843, 844 (Pa. Super. 1979). Nevertheless, a defendant who stipulates to a violation gives up important rights; therefore, some on-the-record showing must be made at a violation hearing to demonstrate that the defendant's stipulation is voluntary. **_Id._**

> In its Rule 1925(a) opinion, the trial court stated that
>
> despite having signed a probation/parole violation agreement while represented by private, reputable counsel in which he acknowledged his parole and probation violations, and despite his admission at the colloquy conducted at his parole violation hearing on September 8 2017 that he knowingly, voluntarily and intelligently entered into that agreement, Appellant is apparently now exhibiting buyer's remorse. . . .

Trial Ct. Op., 9/11/18, at 7. The court noted that at the hearing, Appellant "was afforded the opportunity to ask any questions he may have had regarding the terms of the agreement." **_Id._** The court concluded that "pursuant to the colloquy conducted at the hearing on September 8, 2017, [Appellant] voluntarily, knowingly, and intelligently entered into the subject parole/probation violation agreement." **_Id._**

Our review of the record confirms that Appellant signed a written agreement that explicitly outlined the agreed-upon terms of his decision to waive the hearing and admit the violation. **_See_** Probation/Parole Violation Agreement, 9/8/17. Specifically, it provided that Appellant agreed to be found in violation of his parole, that his parole was therefore revoked, and that

Appellant would be sentenced to his backtime of twenty-two months and two days. *Id.* The agreement further stated that Appellant would be presumptively paroled to a verifiable address, which the probation department was to verify no later than September 11, 2017. *Id.* It also stated that Appellant was in violation of his probation, and that he was re-sentenced to a two-year term of probation, which would run concurrent to his parole with an effective date of September 8, 2017. *Id.*

The record also confirms that Appellant participated in a colloquy with the trial court. *See* N.T., 9/8/17, at 3-6. During the colloquy, Appellant indicated that (1) he could read, write, and understand English; (2) he had a written agreement setting forth the obligations under the agreement that was reached; (3) he did not have questions about the agreement; (4) he entered into the agreement voluntarily on his own free will, and that no one threatened, coerced, or promised him anything beyond what was contained in the agreement; (5) he had a right to contest the alleged violation; and (6) he understood that he had a right to present evidence at a violation hearing. *Id.*

Accordingly, the record demonstrates that Appellant voluntarily waived his right to a hearing and that he knowingly entered the violation agreement, which included a two-year probation term. *See Bell*, 410 A.2d at 843. We further note that although Appellant was given the chance to inform the trial court that he did not understand the document or the terms of his admission, he did not do so. Therefore, we agree with Attorney Williams' assessment that an appeal on this basis would be frivolous.

The two remaining claims identified by counsel relate to Attorney Busico's ineffectiveness at the revocation hearing. Specifically, Appellant argues that Attorney Busico allegedly failed to explain the nature of the stipulation to the parole and probation violation as well as the recommended sentence. *Anders*/*Santiago* Brief at 18. Appellant also argues that Attorney Busico was ineffective for allegedly failing to comply with Appellant's request to file post-sentence motions on his behalf. *Id.* at 22.

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (Pa. 2013). Instead, such claims are to be deferred to PCRA[4] review. *Id.* However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Supreme Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice[;]" or (2) "there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence." *Holmes*, 79 A.3d at 577. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from

---

[4] Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

obtaining subsequent PCRA review." ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018) (citations omitted).

Here, the record does not indicate that extraordinary circumstances exist, or that Appellant waived his right to PCRA review. ***See Holmes***, 79 A.3d at 577. Further, Appellant is not statutorily barred from seeking PCRA relief. ***See Delgros***, 183 A.3d at 361. Because none of the exceptions apply, Appellant's ineffectiveness claims cannot be considered on direct appeal.

Lastly, our independent review of the record does not reveal any additional, non-frivolous issues in this appeal. ***See Yorgey***, 188 A.3d at 1197. Accordingly, we grant Attorney Williams' petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2019