J-A15017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MITCHELL RAMIREZ | |
| Appellant | No. 1171 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0000084-2019

BEFORE: BOWES, J. STABILE, J. AND MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED MAY 25, 2022**

Appellant, Mitchell Ramirez, appeals from his judgment of sentence of 156 days (time served) to twelve months' imprisonment, followed by one year's probation, for violating his probation in this retail theft case. Before and during his probation revocation hearing, Appellant stipulated to committing a violation of probation. He argues in this appeal that his stipulation was not knowing, voluntary or intelligent, because the Commonwealth purposefully failed to inform him that it was filing new charges against him that day which directly related to the violation hearing. We affirm.

On May 23, 2019, Appellant entered a negotiated guilty plea in this case to retail theft and was sentenced to two years' probation. On September 17, 2019, Philadelphia police arrested Appellant for burglary and related charges for two incidents in which he broke into a female victim's residence in violation

of a Protection From Abuse order and caused property damage to the victim's residence. Appellant also damaged the victim's car.

As a result of his arrest, on September 23, 2019, Montgomery County Department of Adult Probation provided written notice to Appellant of probation violations ("violation notice"). A revocation hearing was scheduled for February 21, 2020.

On February 21, 2020, at the beginning of the hearing, the parties placed a joint recommendation on the record that Appellant would stipulate to all violations, waive his *Gagnon I*[1] hearing and proceed immediately to a *Gagnon II* hearing. N.T., 2/21/20, at 3. The parties jointly recommended that the court sentence Appellant to time served to one year's imprisonment followed by one year's probation. *Id.* at 3-4. Appellant testified under oath that (1) he could read, write, and understand English; (2) he was not under the influence of drugs or medications; (3) he was clear minded; (4) he knew he had a right to a hearing where the Commonwealth would have to prove that he violated his probation by a preponderance of the evidence; (4) no one forced or threatened him to get him to stipulate, and (5) he was not promised anything beyond the terms of the agreement. *Id.* at 4-7. Appellant stated

---

[1] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). When a probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. *Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa. Super. 2001). Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is necessary before the court can make a final revocation decision. *Id.*

that he did not have any questions for the court or anything he wanted to tell the court. *Id.* at 9.

The court admitted into evidence a probation stipulation colloquy form, signed by Appellant, in which he acknowledged that no one threatened or forced him to stipulate. *Id.* at 7-8; Exhibit D-1. The court also admitted the violation notice, which Appellant signed. *Id.* at 8-9; Exhibit D-2.[2] Appellant testified that he signed each page of the notice. *Id.* at 9.

The court determined that Appellant knowingly, intelligently and voluntarily stipulated to violating his probation. *Id.* at 10. The court thereupon imposed sentence. Appellant contends, in his appellate brief, that later in the day after his revocation hearing, he was arrested on a new criminal complaint alleging obstruction of justice based on conduct that occurred in jail as he was awaiting his revocation hearing.

On April 29, 2020, Appellant filed a timely[3] notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant's Pa.R.A.P. 1925 statement provides, in its entirety:

---

[2] Our initial review of the certified record left us uncertain whether Exhibits D-1 and D-2 were inadvertently excluded from the record. These exhibits belong in the record because of their submission into evidence during Appellant's revocation hearing. To clear up any confusion, on April 1, 2022, we ordered the trial court to submit a supplemental certified record that included Exhibits D-1 and D-2. On April 6, 2022, the trial court transmitted a supplemental certified record to this Court that included these exhibits. Their inclusion now allows us to review them in the course of deciding this appeal.

[3] The appeal was timely because of a statewide emergency order that suspended all court deadlines for papers that were required to be filed between March 12, 2020 and June 15, 2020 due to the COVID-19 pandemic.

> Appellant's stipulation was not entered knowingly, voluntarily or intelligently. Appellant was incarcerated for more than five months at the time of his stipulation, where the Montgomery County Office of Adult Probation and Parole recommended a period of incarceration at a state correctional institute for his first alleged violation of supervision. Appellant was scheduled for a contested **Gagnon II** hearing but was made an offer on the day of the hearing, February 21, 2020, to a time served sentence in exchange for a stipulation. The decision to stipulate was a pressurized decision, and Appellant, believing this would conclude his legal matters, stipulated to the violations he had moments before been prepared to contest. On or about that same day, Appellant was arrested on new charges stemming from actions that allegedly occurred during his period of incarceration while awaiting his **Gagnon** hearing in Montgomery County Correctional Facility and were directly related to that hearing. The Commonwealth specifically waited until after Appellant had stipulated to file these charges and have Appellant arrested. Without being fully aware of his circumstances, Appellant's stipulation cannot be considered to have been made knowingly, intelligently or voluntarily.

**Id.** On July 30, 2020, the court filed a Pa.R.A.P. 1925 opinion reasoning that Appellant's stipulation was knowing, voluntary and intelligent.

Appellant raises a single issue in his appellate brief, "Whether Appellant knowingly, intelligently, and voluntarily entered a stipulation at his revocation hearing when the Commonwealth intentionally withheld vital information that would have impacted his decision on whether to proceed." Appellant's Brief at 4.

This Court can review the validity of revocation proceedings in an appeal from an order revoking probation. **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa. Super. 2015); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 n.2 (Pa. Super. 2013) (collecting cases). We will apply the same

- 4 -

standard used to assess the validity of guilty pleas, namely whether a plea is "knowing, voluntary and intelligent", in review of Appellant's stipulation which Appellant equates to the entry of a guilty plea. *See Commonwealth v. Davis*, 191 A.2d 883, 889 (Pa. Super. 2018) (trial court's extensive guilty plea colloquy demonstrated that Appellant entered voluntary, knowing, and intelligent plea). *Commonwealth v. Kelly,* 136 A.3d 1007 (Pa. Super. 2016) (in parole revocation hearing guilty plea must be knowingly, voluntarily and intelligently given).[4]

Appellant argues in his appellate brief that the Commonwealth violated his due process rights by obtaining his stipulation to the allegations in the violation notice by intentionally concealing its intention to arrest Appellant on the new charges. Appellant's Brief at 12-22. Appellant further contends that his stipulation at the revocation hearing was equivalent to a guilty plea, so his stipulation was invalid because it was not knowing, voluntary and intelligent. *Id.* at 22-26. Finally, Appellant argues that the Commonwealth's failure to

---

[4] In a plurality opinion years ago, we held that in revocation proceedings, we merely determine whether the defendant "voluntarily" stipulated to any probation violation. *Commonwealth v. Bell*, 410 A.2d 843, 844 (Pa. Super. 1979) (per Hester J., with two judges concurring in result). *Bell* is not binding because it did not command a majority of the panel. *In Re C.B.*, 861 A.2d 287, 297 n.6 (Pa. Super. 2004) (decision that does not command majority of the votes is non-precedential plurality decision). Instead, it is more logical to apply the standard of "knowing, voluntary, and intelligent." Courts historically have applied this standard to guilty pleas under Pa.R.Crim.P. 590. *See Davis*. We think the language of Rule 590 is broad enough to apply to probation revocation cases as well, and it would create needless inconsistency to apply a different test to probation revocation proceedings.

disclose its intent to charge new offenses violated the "quasi-contract" between Appellant and the prosecution. *Id.* at 26-29. The Commonwealth contends that Appellant waived these arguments by failing to raise them in his Pa.R.A.P. 1925 statement. We agree in part.

Our Supreme Court held in *Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011):

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [*Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998),] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

*Id.* at 494 (footnote omitted).

Applying these principles, we conclude that Appellant has waived his due process, guilty plea and quasi-contract arguments by failing to raise them in his Pa.R.A.P. 1925 statement. *Id.* On the other hand, he preserved the argument that he did not knowingly, voluntarily or intelligently enter the

- 6 -

stipulation by raising this issue in his Pa.R.A.P. 1925 statement. This is the sole issue that we will review on the merits.

Next, the Commonwealth requests that we disregard any documents that are appended as exhibits to Appellant's brief but are not in the certified record. These documents include: (1) the criminal complaint filed after Appellant's revocation hearing that accused him of committing several crimes while he was in jail awaiting his revocation hearing (obstructing justice and illegally procuring his girlfriend to intercept an electronic communication); (2) a "Supplemental Police Report," apparently completed on the day of the probation violation hearing, which stated that on February 20, 2020, an assistant district attorney reviewed the criminal complaint and approved its filing, and agreed with the arresting officer that "the complaint would be filed with District Court 38-1-16 on Friday, February 21, 2020 just prior to the ***Gagnon*** hearing versus [Appellant]"; (3) the docket entries from the new criminal case against Appellant; and (4) a probation violation notice arising from the new charges. We agree with the Commonwealth that we cannot take these documents into consideration during our review of this appeal.

"It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case." ***Commonwealth v. Martz***, 926 A.2d 514, 524-25 (Pa. Super. 2007). Ordinarily, materials that have only been included in briefs but are not part of the record cannot be considered. ***Commonwealth v. Stanton***, 440 A.2d

585, 588 (Pa. Super. 1982) ("[i]t is of course fundamental that matters attached to or contained in briefs are not evidence and cannot be considered part of the record . . . on appeal"). Therefore, we will only consider documents that are in the original or supplemental certified records of this case.

In Appellant's view, the documents appended to his brief constitute after-discovered evidence that his stipulation during his revocation hearing was not knowing, voluntary or intelligent. More specifically, Appellant contends that the documents provide after-discovered evidence that: (1) he was charged with a new offense following his revocation hearing, (2) the Commonwealth decided to file the new charge before the hearing but concealed the charge until after his revocation hearing, and (3) had he known of the new charge during the hearing, he would not have stipulated to violating his probation.

We acknowledge that before taking this appeal, Appellant did not have any opportunity to incorporate these documents into the record. It was not necessary, or even possible, for Appellant to file post-sentence motions challenging the validity of his revocation proceedings. The Rules of Criminal Procedure do not prescribe any post-sentence procedure for challenging the validity of violation hearings or raising claims of after-discovered evidence. The only post-sentence motion permitted under Pa.R.Crim.P. 708, the rule governing probation violation procedure, is a post-sentence motion "to modify

a sentence."[5]    Pa.R.Crim.P. 708(e).    Thus, Appellant's first opportunity to challenge the validity of a revocation hearing with after-discovered evidence was in this appeal.  Nevertheless, the law prohibits us from taking documents into consideration that are not incorporated into the certified record.  As an appellate court, we cannot include documents in our consideration that the fact-finding court below has not itself had an opportunity to review.

In some cases, the proper course of action would be to remand for further proceedings to give Appellant the opportunity to incorporate the after-discovered documents into the record and seek relief on the basis of these documents.  Here, however, remand is not necessary, because the revocation hearing transcript and the evidence in the supplemental certified record (Exhibits D-1 and D-2) conclusively defeat the lone argument that Appellant has preserved for appeal.

As stated above, the only issue we will review is whether Appellant knowingly, voluntarily and intelligently stipulated to his probation violation. The evidence of record overwhelmingly establishes that he did.  It is clear that Appellant received the violation notice, Exhibit D-2, since he signed each page of the notice, and he admitted during the revocation hearing that he received

_____

[5] Pa.R.Crim.P. 720, which governs post-sentence procedure in non-probation cases, permits post-sentence motions alleging after-discovered evidence. Pa.R.Crim.P. 720(C).  This Court has held, however, that Rule 720 does not apply to probation revocation cases.  ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).

this notice and stipulated to the violations articulated in the notice. N.T. 2/21/20 at 8-9. Appellant clearly knew the substance of the violation charges that he stipulated to committing. Furthermore, in Exhibit D-1, the probation stipulation colloquy form, Appellant admitted that he could read, write, and understand English; he was not under the influence of drugs or medications and was clear-minded; he had a right to a hearing where the Commonwealth would have to prove that he violated his probation by a preponderance of the evidence; and no one forced or threatened him to get him to stipulate. Appellant admitted the same facts during the revocation hearing, N.T. 2/21/20 at 4-9, and also admitted that he was not promised anything beyond the terms of the agreement. *Id.* Nor did he have any questions for the court or anything he wanted to tell the court. *Id.*

Appellant argues that his stipulation, and hence his agreement to the parties' joint recommendation for sentence, was not knowing, intelligent or voluntary because he did not know at the time of the revocation hearing that the Commonwealth planned to arrest him on new charges after the hearing. There is no evidence in the record, however, that the new charges had any relationship whatsoever to the violations that Appellant stipulated to committing.

In the context of guilty pleas, we have held that "[g]enerally, a defendant's lack of knowledge of collateral consequences of the entry of a

guilty plea does not undermine the validity of the plea . . ."[6] *Commonwealth v. Thomas*, 270 A.3d 1221, 1227 (Pa. Super. 2022). Thus, "the possibility of probation revocation is a collateral consequence to a guilty plea, and the fact that a defendant was not informed that he faces such a possibility in an unrelated criminal case does not undermine the validity of the plea." *Commonwealth v. Barndt*, 74 A.3d 185, 195 (Pa. Super. 2013). It logically follows from these decisions then that if the possibility of probation revocation as a result of entering a guilty plea does not undermine the validity of a guilty plea, then a stipulation forming the basis of a probation revocation cannot be undermined by the fact that a defendant later may face unrelated and new criminal charges. Thus, the fact that Appellant did not know he might face new criminal charges after stipulating to a probation violation did not invalidate his stipulation, since the new charges were unrelated to the probation revocation proceedings.

We therefore conclude that Appellant knowingly, voluntarily and intelligently stipulated to committing a violation of his probation. We affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

[6] Certain consequences of pleading guilty are not "collateral," such as the risk that a guilty plea might subject the defendant to deportation. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). The present case does not involve any risk of deportation or other non-collateral risks.

Judge Musmanno did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2022