410 A.2d 843
**COMMONWEALTH of Pennsylvania**
v.
**James A. BELL, Appellant.**
Superior Court of Pennsylvania.
Submitted Dec. 8, 1978.
Filed Sept. 21, 1979.

560

Ronald F. O'Driscoll, Assistant Public Defender, Assistant Chief, Appeals Division, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County revoking appellant's probation and imposing sentence.

In November of 1977, appellant pleaded guilty to conspiracy and theft and was sentenced to five years' probation. One week after sentence was imposed, appellant fled the jurisdiction to live with his aunt in North Carolina. He was arrested in January, 1978 and returned to Montgomery County.

On January 26, 1978, a Gagnon I hearing was held and five violations were established. Following a pre-sentence investigation and a psychiatric report, a Gagnon II hearing was held in April of 1978. At that hearing, the court found that appellant had committed four violations:

1. Absconding from supervision;

2. Changing employment without permission;

3. Illegal use of a schedule one controlled substance; and

4. Failure to make payments toward fines and costs.

The appellant did not contest the alleged violations and the court revoked probation and imposed a sentence of two to five years in jail. This appeal followed.

■ Appellant contends that he was denied due process because no notes of testimony were filed for the Gagnon I hearing.

We disagree. We find no statute, court rule or case which affirmatively states the necessity for filing a transcript of the proceedings at a Gagnon I hearing. We do note the necessity of filing a written report of findings of the Gagnon I hearing. *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 161 (1975). However here, where appellant does not contest the findings of the hearing judge and did not make a request for the testimony to be reproduced, we find no merit to the appellant's argument.

Appellant next contends that he was denied due process because there is no on-record finding that his agreement not to contest the probation violations was a knowing and voluntary waiver of his right to have the Commonwealth prove the violations.

Appellant analogizes this waiver to a plea of guilty and seeks to have us impose the same requirements necessary there, to this situation.

We have never equated a probation revocation hearing with a criminal trial. We have stated many times that the revocation hearing is not a highly formal procedure in which traditional rules of evidence and strict rules of procedure must be complied with. *Commonwealth v. Lipton*, 238 Pa. Super. 124, 352 A.2d 521 (1975); *Commonwealth v. Clark*, 225 Pa.Super. 171, 310 A.2d 316 (1973).

■ However, recognizing that appellant in agreeing not to contest the alleged violations gave up important rights, we feel that some on the record showing must be made to determine whether a waiver is voluntary. We have

reviewed the colloquy in this case and find that it is for all purposes, more than adequate.

Finally, appellant challenges the sentence imposed after the probation was revoked.

■ In reviewing the validity of a sentence, we recognize that its imposition is vested in the sound discretion of the trial court, whose determination must be respected unless it is a manifest abuse of discretion. *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978).

The court considered the pre-sentence report, the fact that appellant had many prior encounters with the law, the fact that he had left the jurisdiction within one week after probation was imposed, and also his statement that the "judge better give me all the time he's going to now, because as soon as I get out I'm takin off again." (See Pre-sentence Report).

Under these circumstances, we consider the sentence imposed to be proper.

Order of the lower court revoking appellant's probation and imposing sentence is affirmed.

CERCONE, President Judge, and HOFFMAN, J., concur in the result.