J-S60028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERRY LAMONT WALLACE | |
| Appellant | No. 68 EDA 2015 |

Appeal from the PCRA Order September 20, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008880-2004

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:          **FILED NOVEMBER 23, 2015**

Perry Lamont Wallace appeals from the order, entered in the Court of Common Pleas of Montgomery County, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  After our review, we affirm.

On May 11, 2005, after a non-jury trial, Wallace was convicted of rape,[2] statutory sexual assault,[3] indecent assault,[4] terroristic threats,[5]

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3121.

[3] 18 Pa.C.S. § 3122.1.

[4] 18 Pa.C.S. § 3126.

[5] 18 Pa.C.S. § 2706.

possession of an instrument of crime,[6] and corruption of minors.[7] Wallace was sentenced to serve three to six years' imprisonment followed by ten years of probation. On September 27, 2010, Wallace was released from prison. The next day, Wallace was arrested for violating his probation because his urine tested positive and he admitted to using cocaine. On September 9, 2011, Wallace was sentenced to four to eight years' imprisonment followed by ten years of probation based upon his violation of probation.

Wallace filed a timely direct appeal, which resulted in this Court affirming his judgment of sentence on May 9, 2012. **See Commonwealth v. Wallace**, 50 A.3d 238 (Pa. Super. 2012) (unpublished memorandum). Thereafter, on August 17, 2012, Wallace filed a timely *pro se* petition pursuant to the PCRA. Wallace indicated that he wished to proceed *pro se* even though he was entitled to court-appointed counsel. **See** Pa.R.Crim.P. 904(C). In accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the PCRA court held a hearing and determined that Wallace's waiver of counsel was knowing, intelligent and voluntary. The PCRA court filed a notice of intent to dismiss the PCRA petition on August 27, 2013, and issued

_____

[6] 18 Pa.C.S. § 907.

[7] 18 Pa.C.S. § 6301.

a final order dismissing the petition on September 20, 2013. Wallace did not appeal.

On October 31, 2013, Wallace filed a second *pro se* PCRA petition. The PCRA court issued a notice of intent to dismiss, to which Wallace responded, asserting that he never received notice of dismissal of his first PCRA petition. The PCRA court dismissed Wallace's second PCRA petition on January 14, 2014. After a timely appeal, this Court remanded for the PCRA court to conduct further proceedings since Wallace did not receive the final order of dismissal of his first PCRA petition until well after the deadline to file a notice of appeal. **See Commonwealth v. Wallace**, 108 A.3d 113 (Pa. Super. 2014) (unpublished memorandum).

The PCRA court issued an order directing Wallace to file his notice of appeal from the dismissal of the first PCRA petition by January 11, 2015. Acting *pro se*, Wallace timely filed his notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Wallace thereafter invoked his right to representation, and the PCRA court appointed counsel.

On appeal, Wallace raises the following issues:

1. Is a stipulation to a violation of probation knowing, intelligent and voluntary where there is no explanation of the maximum penalty to the defendant?

2. Should counsel be found to be ineffective where he fails to explain the maximum penalty to a defendant at a ***Gagnon II***[8] hearing?

Brief for Appellant, at 2.

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

A court may dismiss a PCRA petition without a hearing, and after proper notice is given to the parties, when:

> [T]he judge is satisfied from this review [of the petition] that **there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief**, and no purpose would be served by any further proceedings.

---

[8] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973) (when parolee or probationer is detained pending revocation hearing, due process requires a determination that probable cause exists to believe that violation has been committed (***Gagnon I*** hearing); where finding of probable cause has been made, second, more comprehensive hearing is required before final revocation decision can be made (***Gagnon II*** hearing)).

Pa.R.Crim.P. 907(1) (emphasis added). In particular, with respect to claims of ineffective assistance of counsel, we begin with the presumption that counsel is effective. *Spotz*, 84 A.3d at 315. To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. *Id.* at 311. An ineffectiveness claim fails if the petitioner's evidence does not satisfy any one of the three prongs. *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012).

Wallace asserts that his stipulation to a violation of probation was not knowing, intelligent, and voluntary because he was not informed of the maximum sentence he could receive and that counsel was ineffective for failing to so inform him. We note that

> [w]e have never equated a probation revocation hearing with a criminal trial. We have stated many times that the revocation hearing is not a highly formal procedure in which traditional rules of evidence and strict rules of procedure must be complied with.
>
> However, recognizing that [a defendant] in agreeing not to contest the alleged violations [gives] up important rights, . . . some on the record showing must be made to determine whether a waiver is voluntary.

*Commonwealth v. Bell*, 410 A.2d 843, 844 (Pa. Super. 1979).

The record indicates that during Wallace's combined *Gagnon I and II* hearing, a colloquy was conducted and Wallace was aware that he was giving up certain rights. He acknowledged that the Commonwealth

ordinarily would have to show probable cause in a *Gagnon I* hearing and would have the burden to prove by a preponderance of the evidence that he violated the terms of his supervision in a *Gagnon II* hearing. Wallace indicated that no one had coerced him into stipulating that he violated his probation or promised him anything in exchange.

However, Wallace argues that counsel "erroneously advised [him] that the worst case [scenario was that he would] be paroled in 5 months because the prosecution [was] requesting 1 to 2 years . . . [w]hen in fact a violation of probation would expose him to a sentence of 7 to 14 years." Amended PCRA Petition, at 3. Indeed, Wallace's colloquy includes nothing regarding the maximum penalty he faced. In the analogous guilty plea context, trial courts are required to ensure that defendants are aware of the permissible range of sentences. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). Thus, we find that Wallace's ineffectiveness claim has arguable merit.

Next, we note that

[w]ith regard to the reasonable basis prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if the petitioner proves that the alternative strategy not selected offered a potential for success substantially greater than the course actually pursued. To establish the prejudice prong, the petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness.

*Busanet*, 54 A.3d at 46. Though the record has not been developed regarding counsel's advice and rationale for the advice, Wallace is unable to

establish that he was prejudiced in agreeing to stipulate to violating his probation. The Commonwealth had evidence that Wallace confessed to using cocaine and had urinalysis results to prove that he had done so. Thus, no reasonable probability existed that the Commonwealth would not have been able to show that Wallace had violated his probation. ***Busanet***, ***supra***. Therefore, Wallace is entitled to no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/23/2015