J-S11009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
                                             :
                  v.                    :
                                             :
TIMOTHY MORALES                :
                                           :
                  Appellant        :     No. 843 EDA 2018

Appeal from the Judgment of Sentence February 13, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000108-2007,
CP-46-CR-0000109-2007, CP-46-CR-0007623-2012

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:               **FILED MAY 06, 2019**

Appellant, Timothy Morales, appeals from the judgment of sentence entered on February 13, 2018, in the Montgomery County Court of Common Pleas following the revocation of his probation.[1] After review, we affirm.

---

[1] The appeal paragraph reveals that this appeal involves three trial court docket numbers: CP-46-CR-0000108-2007, CP-46-CR-0000109-2007, and CP-46-CR-0007623-2012. On March 8, 2018, Appellant filed a separate notice of appeal at each docket, and this Court assigned each appeal a separate Superior Court docket number: 843 EDA 2018, 845 EDA 2018 and 847 EDA 2018, respectively. On April 12, 2018, this Court issued a rule to show cause why the appeals at 845 EDA 2018 and 847 EDA 2018 should not be dismissed as duplicative of the instant appeal at 843 EDA 2018. Appellant did not respond to the rule, and on May 25, 2018, this court dismissed the appeals at 845 EDA 2018 and 847 EDA 2018 as duplicative. Accordingly, the appeals at CP-46-CR-0000108-2007, CP-46-CR-0000109-2007, and CP-46-CR-0007623-2012, shall be addressed at the instant docket.

In its opinion, the trial court set forth the relevant facts and procedural history of this matter as follows:

> On May 7, 2007, on docket numbers 108-2007 and 109-2007, Appellant pled guilty to one count of Possession with Intent to Deliver (35 P.S. § 780-113(a)(30)[)] and the court imposed a sentence of three (3) to twenty[-]three (23) months of imprisonment, followed by a two (2) year term of probation consecutive to the termination of parole. (*See* Disposition, 5/7/07).
>
> On April 29, 2013, on docket number 7623-2012, Appellant pled guilty to one count of Terroristic Threats (18 Pa.C.S.A. §2706(a)(1)) and one count of Harassment (18 Pa.C.S.A. §2709(a)(4)) and the court imposed a sentence of time served to twenty[-]three (23) months of imprisonment, followed by a two (2) year term of probation consecutive to the termination of parole. (*See* Disposition, 4/23/2013).[2]
>
>> [2] Although Appellant has committed approximately seven (7) probation/parole violations on the 108-2007, 109-2007 and 7623-2012 docket numbers, we will limit the procedural history to the violation at issue.
>
> On June 26, 2017, the Montgomery County Adult Probation and Parole Department notified Appellant that he was being charged for a violation of the conditions of his probation/parole; specifically, his June 24, 2017 arrest for violation of the controlled substances act, drug paraphernalia and tampering with evidence and his failure to pay fines and costs as directed by the court. (*See* Probation/Parole Violation Acknowledgment, executed 6/29/17, docketed 6/30/17).[3] On February 13, 2018, Appellant waived his right to a *Gagnon* I hearing and during a *Gagnon* II hearing,[2] Appellant stipulated to violating his probation/parole in exchange for a joint recommendation of a sentence of time served to twenty[-]three (23) months of imprisonment on docket numbers 108-2007 and 109-2007 and a sentence of time served to twelve (12) months of imprisonment on docket number 7623-2012 to run

_____

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973) (setting forth the procedural requirements for probation and parole revocations).

concurrent to the 108-2007 and 109-2007 sentence. Appellant completed a written probation/stipulation colloquy and Appellant's counsel administered a supplemental oral colloquy to Appellant on the record. The court subsequently found that Appellant had knowingly, intelligently and voluntarily stipulated to the violation of his probation/parole and accepted the joint recommendation. (N.T. *Gagnon* II Stipulation, 2/13/18, at 10). Consequently, the court sentenced Appellant to a sentence of time served to twenty[-]three (23) months of imprisonment on docket numbers 108-2007 and 109-2007 and a sentence of time served to twelve (12) months of imprisonment on docket number 7623-2012 to run concurrent to the 108-2007 and 109-2007 sentence.[4] (*See* N.T. Gagnon II Stipulation, 2/13/18, at 10-11, Probation/Parole Stipulation Colloquy, executed 2/13/18, docketed 2/13/18; Disposition, 2/13/18).

> [3] Appellant was imprisoned pending a *Gagnon* hearing.
>
> [4] The sentences imposed on December 23, 2014 relating to Appellant's previous probation/parole violation were revoked. (*See* Disposition, 2/13/18).

Trial Court Opinion, 5/10/18, at 1-2.

Appellant filed a motion for reconsideration of his sentence that the trial court denied on February 26, 2018. Appellant filed a timely notice of appeal on March 8, 2018. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for this Court's consideration:

I. Was [Appellant's] plea voluntary, knowing, and intelligent where the colloquy did not address the nature of charges, the written colloquy was incomplete, [Appellant] had been incarcerated eight months on a traffic stop and was highly motivated to get out of jail, and there was no discussion of [Appellant's] indigence as a defense to probation violation charges arising from a non-willful failure to pay?

Appellant's Brief at 1.[3]

In an appeal from a sentence imposed following the revocation of probation, we may review the validity of the revocation proceedings, the legality of the sentence, and the discretionary aspects of any new sentence imposed. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033-34 (Pa. Super. 2013) (*en banc*). When a probationer stipulates to a probation violation, he surrenders certain rights; therefore, a probationer's stipulation to a probation violation must be voluntary and supported by the record. ***Commonwealth v. Bell***, 410 A.2d 843, 844 (Pa. Super. 1979).

In the case at bar, the Commonwealth asserts that Appellant failed to preserve his challenge to the revocation proceedings. Commonwealth's Brief at 7. We are constrained to agree.

Appellant waived his issue on appeal due to his failure to raise any objection to the validity of his stipulation to violating his probation at the revocation hearing. ***See Commonwealth v. King***, 430 A.2d 990 (Pa. Super. 1981) (citing ***Commonwealth v. Collins***, 424 A.2d 1254 (Pa. 1981) (holding that objections not raised during a counselled revocation proceeding will not be considered on appeal); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in

---

[3] We note that although Appellant uses the term "plea," he is actually challenging the validity of his stipulation to violating probation.

lower court are waived and cannot be raised for the first time on appeal.").[4] We conclude that Appellant failed to preserve his sole issue on appeal.

Assuming, *arguendo*, that Appellant had objected, we would conclude the record established that Appellant voluntarily stipulated to violating his probation. Appellant stated that he understood that he violated his probation and waived the requirement that the Commonwealth prove a probation violation by a preponderance of the evidence. This stipulation is reflected in the written colloquy and in the notes of testimony. Probation Revocation Colloquy, 2/13/18; N.T., 2/13/18, at 7-10.

For the reasons set forth above, we conclude that Appellant failed to preserve his issue on appeal. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[4] As noted earlier, Appellant filed a motion for reconsideration of his sentence. Motion for Reconsideration, 2/22/18. In the motion, Appellant mentioned that any probation violation was "technical in nature at best," and stated that if the violations were technical, the trial court should have made additional findings. Motion for Reconsideration, 2/22/18, at ¶¶ 9-10. However, Appellant's averment in the motion was undeveloped, and Appellant never asserted that his stipulation to violating probation was involuntary or invalid. Thus, we conclude that this motion did not preserve Appellant's issue on appeal. Pa.R.A.P. 302(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19