J. S02007/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
            :           PENNSYLVANIA
        v.           :
            :
KALEENA A. HOLLEY,         :       No. 1765 EDA 2018
            :
        Appellant     :

Appeal from the Judgment of Sentence, May 11, 2018,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0003461-2013

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 08, 2019**

Kaleena A. Holley appeals from the May 11, 2018 judgment of sentence entered in the Court of Common Pleas of Montgomery County following revocation of her probation.  We affirm.

The record reflects that on January 13, 2014, appellant entered a negotiated guilty plea to one count of retail theft.[1]  Appellant received a 5-year term of probation.  On February 16, 2014, while on probation, appellant was arrested for providing false identification to law enforcement authorities,[2] which was a violation of her probation.  At a hearing on January 7, 2015, appellant entered a guilty plea to the false identification charge and then

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] 18 Pa.C.S.A. § 4914.

elected to proceed directly to **Gagnon II**[3] wherein she stipulated to violating her probation. The trial court revoked appellant's probation, sentenced her to 23 months' incarceration, followed by a 2-year probationary term. The trial court then paroled appellant.

On April 21, 2016, appellant was arrested for retail theft and related offenses. The record reflects a **Gagnon II** hearing was held on August 30, 2016, wherein appellant stipulated that she violated the terms of her parole. Although sentencing was deferred until October 26, 2016, the trial court immediately revoked appellant's parole and remanded her to a correctional facility. On October 26, 2016, the trial court sentenced appellant to 2 years of incarceration less back time, followed by 2 years of probation.

On February 25, 2018, appellant was charged with various technical violations of her probation. On May 11, 2018, at a **Gagnon II** hearing, appellant stipulated to being in technical violation of the terms of her probation. The trial court revoked appellant's probation and sentenced her to a term of imprisonment of 11½ to 23 months, followed by a 3-year probationary term.

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973); **see also Commonwealth v. Ferguson**, 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (**Gagnon I** hearing) of probable cause to believe violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (**Gagnon II** hearing) follows before the trial court makes final revocation decision).

Appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant requested an extension of time. The trial court entered an order granting appellant's request. Appellant timely complied with the extension order. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Did the [t]rial [c]ourt err in finding that [appellant] knowingly, intelligently and voluntarily stipulated to her probation violation?

Appellant's brief at 2.

In an appeal following a sentence imposed after probation revocation, this court may review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and challenges to the discretionary aspects of the sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-1034 (Pa.Super. 2013) (*en banc*). Additionally,

> [w]e have never equated a probation revocation hearing with a criminal trial. We have stated many times that the revocation hearing is not a highly formal procedure in which traditional rules of evidence and strict rules of procedure must be complied with.
>
> However, recognizing that [a defendant] in agreeing not to contest the alleged violations [gives] up important rights, . . . some on the record showing must be made to determine whether a waiver is voluntary.

*Commonwealth v. Bell*, 410 A.2d 843, 844 (Pa.Super. 1979).

In this appeal, appellant complains that her stipulation to a violation of her probation was not knowing, intelligent, and voluntary because the trial court failed to ask her any questions about her mental illness. (Appellant's brief at 6-7.) The record, however, demonstrates that appellant knowingly, intelligently, and voluntarily entered into the stipulation.

The record reflects that appellant signed a written probation violation stipulation colloquy wherein she acknowledged, among other things, that at the time of the stipulation (i) she was not under the influence of any drugs or alcohol that would render her incapable of understanding what she was doing; (ii) she was being treated for a mental illness but "still [felt] that [she could] understand what [she was doing]"; (iii) she was not under the influence of any medications or drugs which would affect her ability to understand what she was doing; (iv) she understood her rights, including her right to a **Gagnon I** and a **Gagnon II** hearing, as well as the Commonwealth's burden of proving that she violated her probation by a preponderance of the evidence; and that (v) she was entering into the stipulation of her own free will. (Probation/parole stipulation colloquy, 5/11/18 at 1-4.) At the end of her written colloquy, appellant, in executing the document, swore and affirmed that she "completely read and underst[oo]d the [colloquy] that having done so[, she] stipulate[d] to being in violation of [her] probation." (**Id.** at 6.)

During appellant's stipulation hearing, appellant and her counsel engaged in the following colloquy:

Q. Today are you under the influence of any drugs or alcohol?

A. No. No, I'm not.

Q. You indicated to me that you're currently being treated for bipolar disorder, anxiety and depression; is that correct?

A. Yes.

Q. The medications that you indicated to me that you're currently taking are Remeron --

A. -- Zyprexa and Catapres.

Q. Okay. Zyprexa, Remeron and --

A. -- Catapres.

Q. -- and Catapres.

A. Yes.

Q. And they are to treat your mental-health issues, correct?

A. Correct. Yes.

Q. And the fact that you're taking those medications, does that prevent you from knowing what's going on here today?

A. No. No.

Q. And you are able to make the decision today to stipulate that you're in violation?

A. Yes.

Q. Is anything preventing you from making that stipulation?

A. No.

Q. Do you know you're entitled to two hearings called Gagnon hearings? Because these are what's called technical violations, you're entitled to two hearings, but because you've agreed to stipulate here today, there will not be live testimony presented.

A. Yes.

Q. And that's what you want to do, correct?

A. Yes.

Q. Has anybody forced or threatened you in order to make you do this?

A. No.

Q. You're doing this of your own free will?

A. Yes.

Notes of testimony, 5/11/18 at 4-6.[4]

---

[4] We note that appellant failed to make the transcript of the May 11, 2018 stipulation hearing part of the certified record on appeal. In its brief, the Commonwealth requests that we find waiver on this basis. (Commonwealth's brief at 5.) **See**, **e.g.**, Pa.R.A.P. 1911(a); **see also Commonwealth v. Houck**, 102 A.3d 443, 456 (Pa.Super. 2014) (reiterating that an appellant's failure to make the transcript of the proceedings at issue a part of the certified record on appeal so that absence of the transcript renders claims incapable of resolution, such claims are waived on appeal).

Although the Commonwealth is correct, we note that the Commonwealth reproduced the May 11, 2018 stipulation hearing transcript and submitted it to this court with its brief. As such, we decline to find waiver because both parties cite to the transcript and the accuracy of the reproduction has not been disputed. **See Commonwealth v. Brown**, 52 A.3d 1139, 1145 n.4 (Pa. 2012).

The record further reflects that during the stipulation hearing, appellant acknowledged her signature on the written colloquy and also acknowledged that if each question contained in that colloquy had been presented in open court, her answers would remain the same.[5] (*Id.* at 7.)

Therefore, our review of the record demonstrates that appellant knowingly, intelligently, and voluntarily stipulated to a violation of her probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/19

---

[5] We note that appellant's written probation violation stipulation colloquy was received into evidence at the stipulation hearing. (Notes of testimony, 5/11/18 at 9.)