J-A07013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED HARRIS | : | |
| | : | |
| Appellant | : | No. 1335 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 7, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000662-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 3, 2022**

Appellant Rasheed Harris seeks review of the judgment of sentence imposed after he entered a stipulation during a ***Gagnon II***[1] hearing acknowledging that he violated his probation. He challenges the sufficiency of the evidence underlying his probation revocation, and the legality of his sentence. After careful review, we affirm.

On September 17, 2018, Appellant pled guilty in Montgomery County at two different docket numbers to Possession with Intent to Deliver ("PWID") heroin and Possession of unprescribed oxycodone pills. The court sentenced Appellant to 45 days to 23 months' incarceration, followed by three years' probation. The written sentencing order listed several conditions of probation. Appellant was released on parole in November 2018 and his

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

incarceration/parole sentence expired on August 17, 2020. His three-year probationary tail, thus, began on August 18, 2020.

On November 4, 2020, the Philadelphia Police Department arrested Appellant in connection with an October 9, 2020 burglary. When arrested, Appellant possessed a loaded .45 caliber firearm. The Commonwealth charged him with, *inter alia*, Possession of Firearm Prohibited, Possession of an Unlicensed Firearm with a partially-obliterated serial number, Receiving Stolen Property, and Carrying Firearm in Public in Philadelphia.

In March 2021, Montgomery County Adult Probation Services provided a Notice of Violation listing three violations, beginning with the following relevant violation ("Violation #1"):

1. You were arrested on or about November 4, 2020, by the Philadelphia Police Department for conduct of the following nature: Possession of Firearm Prohibited, Alter/Obliterate Mark of Identification, Firearms Not to be Carried Without a License, Receiving Stolen Property, and Carry Firearms Public in Philadelphia. Incident date: on or about November 4, 2020 (Violation of Rule #2).

Notice of Violation, dated 3/10/2021.[2]

On June 7, 2021, the court held a violation of probation ("VOP") hearing where Appellant waived his right to a **Gagnon I** hearing and proceeded to a

---

[2] Rule #2 of the Montgomery County Adult Probation provides, in part: "I must comply with all local, state and federal criminal laws." Tr. Ct. Op., 9/22/21, at 4.

***Gagnon II*** hearing.[3]  At the hearing, Appellant admitted to "Violation #1" above.  N.T. Hearing, 6/7/21, at 5.  In addition, Appellant acknowledged that he had reviewed the written Probation/Parole Stipulation Colloquy with his attorney. ***Id***. at 5-6; Exhibit D-2. Notably, paragraph 11 provides: "Do you admit that you did all of the things it is alleged you have done to be in violation of your probation [ ] and are you willing to stipulate to being in violation today?" ***Id.***, at ¶ 11.  The line next to the word "Yes" following that question contains a check mark. The court admitted both the Notice of Violation and the Written Stipulation Colloquy into evidence.

In exchange for his stipulation, the Commonwealth agreed to recommend a sentence of time served (90 days) to 12 months' incarceration, followed by a term of two years' probation.

The court accepted Appellant's stipulation as entered into voluntarily, knowingly, and intelligently, revoked his probation, and imposed the negotiated sentence.

On June 14, 2021, Appellant filed a Motion to Vacate Illegal Sentence, citing ***Commonwealth v. Koger***, 255 A.3d 1285 (Pa. Super. 2021), *appeal granted,* 270 WAL 2021 (Pa. filed Apr. 5, 2022), contending that his VOP sentence was illegal because the original sentencing court had failed to put

_____

[3] At a ***Gagnon I*** hearing, the Commonwealth must show probable cause that the defendant committed a parole or probation violation. ***Commonwealth v. Ferguson***, 761 A.2d 613, 617 (Pa. Super. 2000) (explaining differences between ***Gagnon I*** and ***Gagnon II*** hearings). At a ***Gagnon II*** hearing, the court determines if the defendant violated their probation or parole and, if so, what sentence to impose. ***Id.***

the conditions of his probation on the record. Appellant filed his Notice of Appeal on July 1, 2021, before the trial court ruled on this Motion. As a result, the court found itself without jurisdiction to address the merits of Appellant's Motion. Both Appellant and the VOP court complied with Pa.R.A.P. 1925.[4]

Appellant raises the following issues for our review:

1. Whether there is sufficient evidence to find that Appellant stipulated to committing a new crime where he has not been convicted for the alleged offenses underlying the violations and there are no facts in the record to support the arrests?

2. If the above (1.) is answered in the negative, whether Appellant's June 7, 2021 VOP sentence for a "technical" violation of his supervision is illegal because he was never informed of the specific conditions of his supervision by the original sentencing court, which is a violation of 42 Pa.C.S. § 9754(b)?

Appellant's Br. at 4.

**Legal Analysis**

Our review of sentence imposed following a probation violation "is limited to determining the validity of the probation revocation proceedings and

---

[4] On July 2, 2021, the court scheduled a hearing on Appellant's Motion to Vacate Illegal Sentence. However, on July 13, 2021, in response to Appellant's Notice of Appeal, the court directed Appellant to file a Pa.R.A.P. 1925(b) Statement. On July 14, 2021, the court held a hearing on the Motion to Vacate Illegal Sentence, following which it held the matter under advisement and directed counsel to file Memoranda of Law. The court did not ultimately enter an order on the motion, explaining in its Rule 1925(a) Opinion that could not decide the motion because, as a result of Appellant's appeal to this Court, it no longer had jurisdiction. Tr. Ct. Op., 9/22/21, at 3 n.6, citing Pa.R.A.P. 1701.

the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial [proceeding]." *Commonwealth v. Giliam*, 233 A.3d 863, 866 (Pa. Super 2020) (citation omitted). We may only vacate a sentence for an error of law or an abuse of discretion. *Id.* at 866-67.

It is "a general condition of probation – that a defendant lead 'a law-abiding life,' *i.e.*, that the defendant refrain from committing another crime." *Commonwealth v. Foster*, 214 A.3d 1240, 1250 (Pa. 2019). A court may find a probationer in violation if, *inter alia*, he engages in new criminal conduct. *Koger*, 255 A.3d at 1290.

"If, after finding a violation, the court revokes a defendant's probation, it may only resentence the defendant to a term of incarceration if (1) the defendant was convicted of a new crime; (2) the defendant's conduct makes it likely that he or she will commit a new crime if not incarcerated; or (3) incarceration 'is essential to vindicate the authority of the court. [42 Pa.C.S.] § 9771(c).'" *Foster*, 214 A.3d at 1250.

Further, when a probationer stipulates to a probation violation, he surrenders certain rights, including his right to have the Commonwealth prove the violation; therefore, a probationer's stipulation to a probation violation must be voluntary and supported by the record. *See Commonwealth v. Bell*, 410 A.2d 843, 844 (Pa. Super. 1979).

Where a defendant enters a negotiated stipulation admitting to a probation violation, and the court finds that he has entered the stipulation

- 5 -

knowingly, voluntarily, and intelligently, sufficient grounds support the revocation. **Commonwealth v. Kalichak,** 943 A.2d 285, 292-93 (Pa. Super. 2008). Moreover, a defendant "is bound by the statements he makes in open court while under oath and he may not later ... contradict the statements he made...." **Commonwealth v. Hopkins**, 228 A.3d 577, 583 (Pa. Super. 2020) (citation omitted).

In his first issue, Appellant challenges the sufficiency of the evidence supporting the court's finding of a probation violation by contending that he stipulated only that he was arrested and not that he committed the conduct underlying the arrest. Appellant's Br. at 12. He notes that "[t]here is nothing in the record about a **Gagnon I** hearing because he waived that hearing." **Id**. at 15. He also notes that the record does not "contain the affidavits of probable cause from the [underlying] incidents themselves to provide the factual support for the arrests," and "neither the Commonwealth nor the VOP court mentioned at the June 7th hearing that [Appellant's] supervision was being revoked because of specific conduct related to the arrest." **Id**.

Our review of the record reveals that Appellant did not raise this challenge before the trial court in either his Pa.R.A.P. 1925(b) Statement or his supplement. It is well-settled that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Kearney**, 92 A.3d 51, 59 (Pa. Super. 2014) (citation omitted); **see also** Pa.R.A.P.

1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."). Appellant, thus, waived this challenge.[5]

Appellant's second issue purports to challenge the legality of his sentence by asserting that the court "did not have statutory authorization to revoke [Appellant] probation for a violation of the specific conditions of his supervision because it never informed hi[m] what those conditions were, in violation of section 9754(b) of the Sentencing Code." Appellant's Br. at 24. Appellant relies on *Koger*, 255 A.3d 1285, to support his argument. It is unavailing.

In *Koger*, this Court held that because the trial court "erred in failing to specifically advise [the a]ppellant of the conditions of his probation and parole at the time of his initial sentencing . . . the Commonwealth could not prove by a preponderance of the evidence that Appellant committed any violations as allegedly defined in the probation officer's petition." *Id.* at 1290-91. The Court declined to address the issue in the appellant's terms of a court's "lacking the authority to impose" the sentence. Rather, the Court's holding is based on a conclusion that because the conditions were not provided by the trial court, the Commonwealth could not carry its burden of proof.

---

[5] Moreover, by entering the stipulation, which the trial court found was knowing, voluntary, and intelligent, admitting he violated probation by participating in criminal conduct, Appellant waived his challenge to the sufficiency of the evidence underlying his probation revocation.

Here, as noted above, Appellant entered his stipulation admitting that he violated the terms of his probation by participating in criminal conduct, *i.e.*, illegally possessing a stolen firearm. In entering that stipulation, he released the Commonwealth from its burden of proof.[6] Accordingly, this challenge is waived.

Appellant also contends that, pursuant to *Giliam*, 233 A.3d at 868, his revocation sentence should be voided because the new charges were dismissed after the preliminary hearing. Appellant's Br. at 20.

In *Giliam*, this Court vacated the appellant's violation of probation sentence because the appellant was acquitted after a bench trial of the new criminal charges. "Once Giliam was acquitted of the new charges, the finding of a probation violation had to be set aside because the Commonwealth did not allege or prove any other violation of probation charge." *Id.* at 869.

Unlike Appellant, the defendant in *Giliam* did not stipulate that he engaged in criminal conduct. In the instant case, Appellant stipulated that he engaged in criminal conduct and thus, he agreed that he violated his probation. The fact that the trial court dismissed the new charges does not discount the fact that Appellant stipulated that he engaged in criminal conduct

---

[6] Moreover, it is absurd to suggest that Appellant was not aware that an implicit general condition of probation is that one must not partake in criminal activity. The fact that Appellant stipulated to violating his probation by participating in the criminal conduct for which he was arrested indicates that he was well aware of the condition that he lead a law-abiding life.

and violated his probation. Accordingly, we decline to vacate Appellant's sentence based on *Giliam*.

Having found no error of law or abuse of discretion, we affirmed the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2022