J-A03012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMILY BURNS | : | |
| | : | |
| Appellant | : | No. 1249 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0007738-2016

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.: **FILED JUNE 10, 2022**

Appellant, Emily Burns, appeals from the judgment of sentence entered May 24, 2021, following the revocation of her probation. Upon review, we affirm.

On January 13, 2017, Appellant entered a guilty plea to felony criminal trespass and was sentenced to a term of imprisonment of time served to 23 months, plus a consecutive term of 3 years' reporting probation. The sentencing court ordered the following conditions of parole and probation:

> "Defendant shall comply with any special conditions of probation/parole/state intermediate punishment imposed by the Montgomery County Adult Probation/Parole Department or the Pa. Board of Probation and Parole."
>
> "Defendant shall pay the monthly offender supervision fee."
>
> "Testify truthfully against Michael Lilly."

Sentencing Order, 1/13/17, at 2.

On April 5, 2021, the Montgomery County Probation Department issued

a Notice of Charges listing the following technical violations:

> Violation of condition 2: Your approved residence is listed below and may not be changed without the written permission of the parole supervision staff.
>
> Supporting evidence: You moved out of your temporary residence . . . in June of 2020. Since then you have stated that you are working on finding a new residence. You have also stated that you have been staying at different friends['] houses and hotels without providing addresses. As January 11, 2021 your agent became unable to get in touch with you by any means.
>
> Violation of condition 3: Maintain regular contact with the parole supervision staff.
>
> Supporting evidence: You have not provided an address to be supervised at and your phone has been disconnected. You have not provided any means for you[r] agent of record to be in contact with you and have become unavailable for supervision.

Notice of Charges, 4/5/21.

On May 24, 2021, Appellant waived her right to a **Gagnon I**[1] hearing,

and Appellant proceeded to a **Gagnon II** hearing. At the **Gagnon II** hearing,

Appellant stipulated to the above technical violations. The trial court then

revoked Appellant's probation and sentenced her to a sentence of time served

---

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973). When a probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. **Commonwealth v. Sims**, 770 A.2d 346, 349 (Pa. Super. 2001). Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is necessary before the court can make a final revocation decision. **Id.**

to 12 months' incarceration, in accordance with the parties' joint recommendation.

On June 22, 2021, Appellant filed an appeal challenging, under ***Commonwealth v. Koger***, 255 A.3d 1285 (Pa. Super. 2021)[2], the legality of her sentence and/or the sufficiency of the evidence supporting the revocation of her probation because the Commonwealth failed to present evidence of the actual terms and conditions of defendant's probation . . .; failed to establish a violation of a specific condition of probation . . .; and failed to establish a new criminal conviction for defendant." ***See*** Concise Statement of Errors Complained of on Appeal, 7/7/21, at 1.[3] In its Rule 1925(a) opinion, the trial court agreed with Appellant's assessment, suggesting we vacate Appellant's sentence.

Appellant raises the following issues for our review:

_____

[2] On April 5, 2022, the Supreme Court of Pennsylvania granted allowance of appeal from this Court's panel decision in ***Koger***. The Supreme Court will address the following issue:

> Did the Superior Court err in expanding this Court's holding in ***Commonwealth v. Foster***, 214 A.3d 1240 (Pa. 2019), and the statutory requirements related to probation conditions under 42 Pa.C.S. § 9754 to not only probation but also parole cases?

***Commonwealth v. Koger***, 270 WAL 2021 (Pa. 2022).

[3] Elsewhere Appellant identifies the sufficiency of the evidence claim as a claim challenging the validity of the stipulation. Regardless of how it has been identified, as explained *infra*, the claim is waived for failure ro raise objections at the time of the revocation hearing.

I.     Was the sentence imposed by the [trial court] on May 24, 2021[,] an illegal sentence since the Commonwealth failed to present evidence of the actual terms and conditions of [Appellant]'s probation and parole as required by [*Koger*]; failed to establish a violation of a specific condition of probation as required by *Koger*; and failed to establish a new criminal conviction for [Appellant]?

II.    Was the evidence at the May 24, 2021 *Gagnon II* hearing insufficient to establish a *Gagnon* violation since the Commonwealth failed to present evidence of the actual terms and conditions of [Appellant]'s probation and parole as required by [*Koger*]; failed to establish a violation of a specific condition of probation as required by *Koger*; and failed to establish a new criminal conviction for [Appellant]?

Appellant's Brief at 3.

In an appeal from a sentence imposed following the revocation of probation, we may review the validity of the revocation proceedings, the legality of the sentence, and the discretionary aspects of any new sentence imposed. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Giliam*, 233 A.3d 863, 866-67 (Pa. Super. 2020) (citation omitted).

We first address some preliminary matters.  While Appellant refers to *Koger* in the questions for our review, the argument section of her brief makes clear that Appellant's argument arises under *Commonwealth v.*

*(Darnell)* *Foster*, 214 A.3d 1240 (Pa. 2019), not under *Koger*. Thus, our

analysis of Appellant's claim will focus principally on *Foster*, not *Koger*.

We now address the applicability of *Foster*/*Koger* to the instant matter.

In *Foster*,

> the Supreme Court further clarified that a trial court may revoke
> an order of probation only upon "proof" that the defendant
> violated one of the "specified conditions of the probation." *Id.* at
> 1250 [emphasis omitted], citing 42 Pa.C.S. § 9771(b). The Court
> explained: "[A] violation of probation does not occur solely
> because a judge believes the probationer's conduct indicates that
> probation has been ineffective to rehabilitate or to deter against
> antisocial conduct." *Foster*, 214 A.3d at 1243.
>
> In that case, the trial court revoked the defendant's probation
> based upon photographs on the defendant's social media accounts
> that "depicted guns, drugs, [and] large amounts of money[.]"
> *Foster*, 214 A.3d at 1243. The court found that, while the
> photographs did not prove the defendant violated a specific
> condition of his probation, they did evince his "indifference
> regarding his crimes" and "clearly indicate[ ] that probation was
> an ineffective vehicle to accomplish his rehabilitation[.]" *Id.* at
> 1245 (record citation omitted). On appeal, a panel of this Court
> affirmed, relying upon language in *Commonwealth v. Infante*,
> 888 A.2d 783 (Pa. 2005), that a probation violation is established
> if it is "shown that the conduct of the probationer indicates the
> probation has proven to have been an ineffective vehicle to
> accomplish rehabilitation and not sufficient to deter against future
> antisocial conduct." *Foster*, 214 A.3d at 1245 (citations omitted).
> However, the Supreme Court reversed our ruling, concluding the
> language in *Infante* was taken out of context. *Foster*, 214 A.3d
> at 1251. The Court explained:
>
> > Read in context, it is clear that the effectiveness of
> > probation as a rehabilitative tool and as a deterrent to
> > antisocial conduct is the lens through which a violation
> > is to be viewed. Revocation and resentencing are
> > warranted if, in the face of a new criminal act or the
> > violation of a condition of probation, the court finds
> > that probation is no longer achieving its desired aims
> > of rehabilitation and deterring criminal activity. As the

- 5 -

statute provides (and ***Infante*** reflects), a court never reaches this question unless there is a violation of a specified term of the probation order or the probationer commits a new crime.

***Id.*** (citations omitted and emphases added).  Moreover, the Court explicitly stated:

We expressly disapprove of the Superior Court's reliance on this passage from ***Infante*** . . . for the proposition that revocation of probation is permissible in the absence of a finding that the defendant violated a specified condition of probation if the VOP court finds that probation has been ineffective to rehabilitate or to deter against antisocial conduct.

***Id.*** at 1251 n.14.

***Commonwealth v. Gaiski***, 2022 WL 165958, at *4-5 (Pa. Super. January 19, 2022).[4]

In ***Koger***,

the defendant received a probationary sentence, following a guilty plea to criminal use of a communication facility in connection with his possession of child pornography.  ***Koger***, 255 A.3d at 1287. The trial court advised the defendant of the following "special conditions" of his sentence: (1) that he have no contact with any victims including those displayed in the images, (2) that he undergo a drug and alcohol evaluation and complete any recommended treatment, and (3) that he perform 100 hours of community service and complete sex offender counseling.  ***Id.*** The court did not provide the defendant with any specific conditions of his probation or parole, but rather, noted the rules and conditions of his probation and parole "were explained [to him] by an adult probation officer immediately following the

_____

[4] ***See*** Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

sentencing proceeding." *Id*. at 1290 (citation omitted and emphasis added).

Subsequently, the Commonwealth sought to revoke the defendant's probation and parole after, *inter alia*, a search of his cell phone uncovered "pornographic images of a minor [the defendant] has been communicating with via text messages." *Koger*, 255 A.3d at 1288. Following a hearing, the trial court revoked the probationary sentence and imposed a one-to-three-year prison term. *Id*.

On appeal, this Court reversed the order revoking the defendant's probation and parole, concluding the trial court failed "to specifically advise [the defendant] of the conditions of his probation and parole at the time of his initial sentencing." *Koger*, 255 A.3d at 1290. We opined:

> Because the trial court did not impose, at the time of the [initial] sentencing any specific probation or parole conditions, the court could not have found [the defendant] "violated one of the 'specific conditions' of probation [or parole] included in the probation order[.]" *See Foster*, 214 A.3d at 1250. In short, a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition.

> *Id.* at 1291 (footnote omitted). Thus, we vacated the judgment of sentence imposed on the probation revocation. *Id*.

*Gaiski*, 2022 WL 165958, at *5.

Here, unlike as in *Foster* or *Koger*, Appellant stipulated in open court that she was made aware of the conditions of probation she was bound to, and that she violated those conditions. By contrast, in *Foster* (and *Koger*) defendant disputed the existence of those conditions. Thus, Appellant's

stipulation is a significant distinguishing fact between the instant matter and *Foster* (and *Koger*) making reliance on those cases inapplicable here.

Appellant attempts to downplay the relevance of her stipulation by arguing that the stipulation is meaningless because under *Foster* (and *Koger*), she could not have stipulated to illegal conditions of probation. The assumption in Appellant's position is that, under *Foster*, the trial court's failure to impose the conditions of probation in compliance with the statutory requirements makes the conditions illegal. Appellant misreads *Foster* and *Koger*. Neither *Foster* nor *Kroger* found that probation conditions that do not comply with the requirements of 42 Pa.C.S.A. §§ 9754 and 9771 are "illegal."[5] The holdings in those cases merely conclude that a court may not

---

[5] In *Foster*, our Supreme Court noted:

> We find the language of the pertinent statutory provisions to be clear and unambiguous. The law provides a general condition of probation – that the defendant lead "a law-abiding life," i.e., that the defendant refrain from committing another crime. [42 Pa.C.S.A.] § 9754(b). To insure that general condition is met, or to assist the defendant in meeting that general condition, the order must also include certain "specific conditions" from the list enumerated in section 9754(c). Only upon the violation of any of the "specified conditions" in the probation order (general or specific) may a court revoke the defendant's probation. [42 Pa.C.S.A.] § 9771(b). In other words, a court may find a defendant in violation of probation only if the defendant has violated one of the "specific conditions" of probation included in the probation order or has committed a new crime. The plain language of the statute does not allow for any other result.

*Foster*, 214 A.3d at 1250.

revoke probation unless a defendant has violated a specific condition of probation. The failure of a court to attach specific conditions to a probation order does not render those conditions illegal. If properly ordered as specific conditions of probation a violation of any of those conditions may form the basis to revoke probation. The failure to attach specific conditions to a probation order at sentencing does not render a sentence illegal; the sentence imposed simply does not have conditions attached to probation. Further, our review of decisions implicating **Foster** confirms our assessment that neither **Foster** nor **Koger** requires a finding of illegality of the sentence if the trial court failed to specifically advise defendant of the conditions of probation at the initial hearing.

Appellant also argues that the conditions were illegal because they were imposed by the Probation Department, not by the trial court. Appellant neglects to acknowledge that the probation department has limited authority to impose specific conditions of *supervision* distinct from the conditions of probation, as is the case here. Indeed, our Supreme Court in **Commonwealth v. Elliott**, 50 A.3d 1284 (Pa. 2012) noted that while only the trial court could set conditions of probation, "the [State Board of Probation and Parole] and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." **Id.** at 1292. In other words, the "trial court may impose conditions of probation in a generalized manner, and the [State Board

of Probation and Parole] or its agents may impose more specific conditions of supervision, so long as these supervision conditions are in furtherance of the trial court's conditions of probation." *Id.* As a result, "a probationer may be detained, arrested, and 'violated' for failing to comply with either a condition of probation or a condition of supervision," as long as the condition of supervision does not exceed the [State Board of Probation and Parole]'s authority to impose it. *Id.* [6]

The conditions violated here resemble conditions of supervision. The conditions at issue here required Appellant to provide the Probation Department current contact information, which is quintessentially germane to Appellant's conditions of probation. If a probation officer does not have a way of contacting Appellant, supervision cannot be accomplished. Nor could the probation officer here resolve issues relating to payment of supervision fees or coordinate Appellant's testimony against Michael Lilly without current and

---

[6] Appellant does not address or analyze the statutory authority of county probation officers or why *Elliott*'s reasoning is not applicable to county probation officers. In *Commonwealth v. Schmitz*, 2021 WL 1592372 (Pa. Super. April 23, 2021), we noted that given the similarities between the state and the county statutory schemes, *see id*. at *5-6, and given Appellant's failure to address why *Elliott*'s reasoning did not apply to county probation officers, *id.*, we declined to find *Elliott* not applicable to county probation officers. *Id*. In *Commonwealth v. Collier*, 2021 WL 1291636 (Pa. Super. April 7, 2021), we similarly noted that appellant's "argument on the merits of this issue is deficient in that Appellant fails to articulate any reason why the *Elliot*[*t*] Court's rationale should not apply with equal force in this case." *Id.* at *3. Here, similarly, we conclude that *Elliott*'s rationale applies with equal force in cases involving county probation officers.

accurate contact information.[7]  Because the conditions were properly imposed and enforced by the Probation Department, we find no merit in Appellant's challenge to the legality of her sentence.

Appellant lastly challenges the sufficiency of the evidence supporting the revocation of her probation under *Foster*.

We review a challenge to the sufficiency of the evidence according to the following authorities.  Whether the Commonwealth has presented sufficient evidence to establish that the defendant violated a specific term of probation is a question of law and we view all evidence in the light most favorable to the Commonwealth as the verdict winner.  *Koger*, 255 A.3d at 1289.

Additionally,

Unlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a revocation hearing the Commonwealth need only prove a violation of

---

[7] In a similar situation, *Collier*, *supra*, we noted that:

In furtherance of the trial court's [order prohibiting defendant from consuming alcoholic beverages and nonprescription drugs], County Probation required regular visits at which Appellant could be compelled to submit to urinalysis.  We find it obvious that these conditions are derivative and in furtherance of the trial court's condition.  Indeed, we fail to see how County Probation could discharge its obligation to supervise [a]ppellant's compliance with the terms of his probation sentence without imposing regular visits and drug tests.

*Collier*, 2021 WL 1291636, at *3.

- 11 -

probation by a preponderance of the evidence. As our Supreme Court has explained, preponderance of the evidence is a more likely than not inquiry, supported by the greater weight of the evidence; something a reasonable person would accept as sufficient to support a decision.

***Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa. Super. 2021) (internal citations and quotation marks omitted).

Instantly, Appellant proceeded to stipulate to the existence of the conditions and their violation at her revocation hearing. The record reflects that Appellant acknowledged receipt of the notice of charges, waived her ***Gagnon I*** hearing, and proceeded to stipulate to the violations, all while being represented by counsel. She then was thoroughly colloquied at the hearing by the trial court. Appellant's sufficiency claim fails because Appellant stipulated to the sufficiency of the facts underlying the violation of her probation. Appellant cannot now complain that the evidence she stipulated to was in fact legally insufficient. ***Commonwealth v. Mitchell***, 902 A.2d 430, 460 (Pa. 2006), *cert denied*, 549 U.S. 1169 ("A stipulation is a declaration that the fact agreed upon is proven [, and a] valid stipulation must be enforced according to its terms");" ***Commonwealth v. Rizzuto***, 777 A.2d 1069 (Pa. 2001):

> A stipulation is a declaration that the fact agreed upon is proven. A valid stipulation must be enforced according to its terms. Parties may by stipulation resolve questions of fact or limit the issues, and, if the stipulations do not affect the jurisdiction of the court or the due order of the business and convenience of the court they become the law of the case.

*Id.* at 1088 (abrogated on other grounds by *Commonwealth v. Freeman*, 827 A.2d 385 (Pa.2003)) (internal citations omitted); *Commonwealth v. Bell,* 410 A.2d 843, 844 (Pa. Super. 1979) (when a probationer stipulates to a probation violation, she surrenders "important rights"); *Commonwealth v. Colbert*, 383 A.2d 490, 495 (Pa. 1978) (Opinion in Support of Affirmance) ("Any claim of error regarding the admissibility . . . was waived when the defense agreed to the stipulation.").

Nonetheless, we still will proceed to determine whether Appellant's stipulation was knowing, voluntary, and intelligently made and supported by the record. *See*, *e.g.*, *Bell*, *supra*.[8]

The record reflects that Appellant (through her counsel – Appellant participated in the hearing via video-conference) signed a written probation

---

[8] In *Bell*, we noted: "[R]ecognizing that [a defendant] in agreeing not to contest the alleged [probation] violations [gives] up important rights, . . . some on the record showing must be made to determine whether a waiver is voluntary." *Bell*, 410 A.2d at 844 (per Hester J., with two judges concurring in result).

*Bell* is not binding upon us because it did not command a majority of the panel, *In re C.B.*, 861 A.2d 287, 297 n.6 (Pa. Super. 2004) (decision that does not command majority of the votes is non-precedential plurality decision). *Bell* however has been cited and relied upon in a other decisions. *See*, *e.g.*, *Horning*, *supra*; *Morales*, *supra*. In *Commonwealth v. Holley*, 2019 WL 2056672 (Pa. Super. May 8, 2019), a panel of our Court quoted *Bell* for the proposition that when probationer stipulates to the violation of probation we must determine whether the waiver is "voluntarily" entered, but then it concluded that "[t]he record, however, demonstrates that appellant knowingly, intelligently, and voluntarily entered into a stipulation." *Id.* at *2. Here, as noted below, Appellant met both standards ("voluntarily" and "knowingly, intelligently, and voluntarily").

- 13 -

violation stipulation colloquy wherein she acknowledged, among other things, that at the time of stipulation (i) she was not under the influence of any drugs or alcohol that would render her incapable of understanding what she was doing; (ii) she was being treated for a mental illness but "still [felt] that [she could] understand what [she was doing]"; (iii) she was not under the influence of any medications or drugs that would affect her ability to understand what she was doing; (iv) she understood her rights, including her right to a ***Gagnon I*** and a ***Gagnon II*** hearing, as well as the Commonwealth's burden of proving she violated her probation by a preponderance of the evidence; and (v) she was entering into the stipulation of her own free will. Probation/Parole Stipulation Colloquy, dated 5/19/21, at 1-5.[9] At the end of her written colloquy, Appellant, in executing the document (through her counsel), swore and affirmed that she "completely read and underst[ood] the [colloquy] that having done so[, she] stipulate[d] to being in violation of [her] probation." ***Id***. at 6.

During the hearing (***Gagnon II***/Stipulation), Appellant and her counsel engaged in the following colloquy:

Q. Presently under the influence of drugs or alcohol?

A. No, I'm not.

_____

[9] Appellant's written probation violation stipulation colloquy and the notice of charges were received into evidence at the ***Gagnon II***/Stipulation Hearing. ***See***, N.T., ***Gagnon II***/Stipulation Hearing, 5/24/21, at 7.

- 14 -

Q. Anything to prevent you from understanding what's happening here today?

A. No.

Q. Do you understand you're before the [c]ourt today because it is alleged you violated the terms of your supervision?

A. Yes.

Q. You understand you're before the [c]ourt today for technical violations related to your address and contact with probation?

A. Yes.

Q. Do you understand your maximum exposure on each of these dockets is three years?

A. Yes.

Q. Do you understand the recommended sentence before the [c]ourt today is time served to 12 months? So once you walk off that 12 months, your supervision will be over.

A. Understood.

Q. You and I discussed all your rights. Do you understand all your rights as far as the violation hearing is concerned?

A. Yes, I do.

. . .

Q. Do you have any questions about what's happening here?

A. No, I do not.

N.T., *Gagnon II* Hearing/Stipulation, 5/24/21, at 5-7.

In light of the foregoing, the trial court found, and we agree, that Appellant "has knowingly, intelligently and voluntarily stipulated that she is in violation of her supervision." *Id.* at 9.

Having found no merit to Appellant's claims challenging the legality of her sentence and the sufficiency of the evidence supporting the revocation of her probation, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2022